UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS COOPER, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )    Case No. 4:13CV590 HEA ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) |
|     Defendant. | ) ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

Plaintiff was 54 years old at the time of the hearing on January 19, 2012. The onset date was determined to be February 14, 2009. As of the hearing date, he was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

living with his wife, two granddaughters, and a daughter in a single family residence. Plaintiff completed the tenth grade and has some vocational training. Plaintiff does not have a GED. He has been employed as a machinist and as a laborer and also working side jobs as a laborer. The ALJ found Plaintiff had the severe impairments of: Schizoaffective Disorder and Delusional Disorder pursuant to 20 CFR 404.1520(c) and 416,920(c).

A vocational expert testified at the hearing. In response to the hypothetical question the VE noted that Plaintiff, who is 54 years old, is able to perform a full range of work at all exertional levels with some non-exertional limitations: he can understand, remember, and carry out simple instructions and non-detailed tasks; should not work in setting which includes constant or regular contact with the public; and should not perform work that includes more than infrequent handling of customer complaints. The VE testified Plaintiff could not perform his past relevant work, but there were other jobs available in the national economy. The vocational expert also testified that the jobs of hand packager, floor waxer, and motor vehicle assembler were jobs Plaintiff could perform.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq.* and XVI of the Act, 42 U.S.C. § 1381, *et seq.* was denied. Plaintiff appeared and testified before an ALJ on January 19, 2012. On March 15, 2012, the ALJ issued an unfavorable decision.

On January 29, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant

work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ Decision

The ALJ utilized the five-step analysis as required in these cases. Here the ALJ determined at Step One, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since February 14, 2009 and that Plaintiff met the insured status requirements through December 31, 2009. The ALJ found at Step Two that Plaintiff has the severe impairments of Schizoaffective Disorder and Delusional Disorder.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically

equals the required severity of a listing as set out in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to be as follows: to perform a full range of work at all exertional levels with some nonexertioanl limitations: Plaintiff can understand, remember and carry out at least simple instructions and non-detailed tasks, but should not work in a setting which includes constant or regular contact with the general public, and should not perform work which includes more than infrequent handling of customer complaints.

At Step Four it was the finding of the ALJ that Plaintiff was unable to perform any past relevant work.

Finally, at Step five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in his Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue,* 518 F.3d 979, 981 (8th

Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v.Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the decision of the ALJ, Plaintiff argues: (1) The ALJ failed to give sufficient weight to the opinion of the treating physician; and (2) The

decision of the ALJ was not supported by substantial evidence.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. See 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Here, in evaluating the medical evidence relative to a determination of the Plaintiff's RFC, the ALJ credited the treating physician little weight without

applying the factors in 20 CFR §§404.1527 and 416.927.  These factors include examining the relationship, treatment relationship, supportability, consistency of medical opinion, specialization of medical source and other factors brought to the Commissioner's attention bearing upon the weight medical opinion evidence should be accorded.  At the same time the ALJ indiscriminately gave little weight to the opinions and records of Dr. Liss, she selectively found the doctor's assessment of the nature of Plaintiff's mental illness acceptable to be her conclusion of the appropriate severe impairment-Schizoaffective Disorder and Delusional Disorder.  The record the ALJ relied upon reflects that Dr. Liss noted this in July of 2011 and that the behavior and statements of Plaintiff were consistent with this conclusion.  The ALJ failed to give specific reasons why the treating physician's conclusions were not medically acceptable and how they were inconsistent with the record. Inaccuracies, incomplete analyses and unresolved conflicts of evidence can serve as a basis for remand. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000).  The notice of the determination or decision must contain specific reasons the adjudicator gave to the treating source's medical opinion and the reasons for that weight. SSR 96-2p .  The ALJ gave "little weight" to the opinion of Dr. Liss because his initial opinion was rendered the month after Plaintiff's first visit and was not supported by his own clinic note. She concluded it

was not supported by the claimant's prior mental health records but failed to explain why. The ALJ merely made this conclusory statement.

In concluding upon the applicable RFC here, the ALJ gave "some weight" to the opinion of the non-examining State agency psychologist, Robert Cottone. The ALJ adopted parts of the opinion and found a less restrictive RFC in the decision. She did not believe a restriction to avoid intense or extensive interpersonal interaction, or close proximity to coworkers, as opined by the non-examining psychologist, was warranted.

**Conclusion**

After careful examination of the record, the Court finds the Commissioner's determination as detailed above is not supported by substantial evidence on the record as a whole, and therefore, the decision will be reversed and remanded for further consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further consideration of the record.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 25th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE